Henry A. Hudson, J.
The petitioner herein has instituted this proceeding by order to show cause for a premptory order of mandamus pursuant to the provisions of article 78 of the Civil Practice Act. His petition shows that the respondent Central New York Regional Market Authority is a public authority created according to the provisions of the Public Authorities Law (art. 4, tit. 2) and that the respondent, Wendell E. Field, is the manager of such Authority; that during the year 1957 and at all times prior thereto, since the establishment by the respondent Authority of its Thursday evening market, the petitioner has been the lessee of stall No. 12 in A-shed at said market in which stall he sold the produce from his farm located in the Town of Clay, County of Onondaga, New York. That on January 17, 1958 the petitioner entered into an agreement for the continuing rental of such stall for the 1958 season and paid the initial fee required by the Authority. At that time the petitioner entered into a written agreement with the respondent Authority which contained a provision substantially as follows: ‘1 This lease may be renewed each year by payment of an initial fee. So far as possible the stall assignment will be the same as the previous year if lease is renewed by May 1st of each year.” It is claimed by the petitioner that this lease agreement is similar to those entered into between the petitioner and the Authority in previous years. On May 5, 1958 petitioner was notified by the Authority that he would be assigned stall No. 20 in shed-A for the year 1958, such stall, according to the allegations in such petition, being less favorably located than stall No. 12. Although a demand for the assignment of stall No. 12 was made by petitioner, it was refused and such stall assigned to a competitor. Petitioner urges that he has no other adequate relief than that prayed for in the petition.
The respondents did not file an answer but rather appeared and raised preliminary objections that the petition does not state facts sufficient to entitle petitioner to relief; that if anything is alleged therein, it is a breach of contract for which petitioner has an adequate remedy at law and that the petition fails to allege any act that the respondents are required by law to perform or any abuse of discretion upon the part of the Authority.
In their briefs both the respondents and the petitioner set forth a number of the facts involved in the controversy between them. The merits of the controversy between the parties can *289 not be considered upon the respondents’ preliminary objections as the allegations of the petition must be accepted as true for that purpose. It appears, however, not to be seriously disputed that the petitioner for some time has rented stall No. 12 in A-shed for the Thursday evening market operated by the respondent Authority. He did in January, pursuant to notice from the Authority, sign the'agreement required by the respondent Authority and paid the required initial fee. He had occupied the same stall since the Thursday evening market was established. Under the terms of the agreement he was entitled to the same stall assignment upon a renewal of his lease “ so far as possible ”.
It Avas urged upon the argument of the motion that the respondent Authority’s manager had made a determination that preference should be given to those lessees who also occupied space at the Saturday market and that this was the reason for the change.
The Central New York Regional Market Authority was created by section 826 of the Public Authorities Law. Section 827 of such law proAddes for a board of directors consisting of the Commissioner of Agriculture and Markets and 12 members to be selected by the Boards of Supervisors of the Counties of Onondaga, Oswego, Cayuga, Madison, Cortland, Oneida and Wayne, a total of 13 members. A majority of the qualified members constitute a quorum for the transaction of business and a majority of such quorum is necessary to the validity of any resolution, order or determination. The powers of the board are contained in section 828 and include among others, the following:
“ (d) Employ such manager or managers, and such clerical, engineering, legal or other professional assistance, services and labor as may be deemed necessary for accomplishing the purposes of this title, fix their compensation, and at pleasure discharge any of them.
“ (e) Fix, impose and collect rentals and license fees relative to all business which may be done upon the market or in any way involving the use of its facilities; make rules and regulations which shall govern all such business and all persons and vehicles coming upon the market; provide and enforce penalties and liquidated damages relative to breaches of such rules and regulations and any contracts entered into.” (Emphasis cup plied.)
It would appear to me that before any rule or regulation governing the conduct of the market, which would affect existing rights of any lessee or licensee of the Authority was pro *290 mulgated, that the Authority would be required to take formal action in respect thereto and that the right to make any such change could not be delegated to a manager or other employee. There is nothing in the moving papers which would enable the court to determine whether any action was taken by the Authority in regard to the change in the operating procedure of the Authority in respect to the assignment of stalls on the Thursday evening market. Such question can only be determined after an answer has been interposed by the respondents. In the event that questions of fact are raised thereunder, proof can then be taken.
I am of the opinion that if no action was taken by the Authority adopting a different method of conduct as to the assignment of stalls for the Thursday evening market there will be no authority or justification for the change in the terms of the petitioner’s lease assigning to him stall No. 20 instead of stall No. 12, shed-A, within the meaning of the provisions of the lease “ so far as possible, the stall assignment will be the same as the previous year, ’ ’ and that any action by the manager in changing the provisions of the lease relating to stall assignments would be without authority and contrary to the obligations placed upon the Authority under the law. In other words, the Authority would be refusing to carry out what would be, under the terms of their contractual relationship, a purely ministerial act. (People ex rel. New York Cent. & Hudson Riv. R. R. Co. v. Walsh, 211 N. Y. 90; Matter of Ciminera v. Sahm, 4 A D 2d 749; Matter of Albrecht v. Hochmuth, 4 A D 2d 929; Matter of New York Good Humor v. Morgan, 171 Misc. 899; Matter of Embarroto v. Adams, 2 A D 2d 877; 22 Carmody-Wait, New York Practice, pp. 212-215.)
The motion of the respondents to dismiss the petition is denied with leave to the respondents to file an answer within 10 days from the service of an order in accordance with this decision.
In view of the nature of the relief which has been denied to the petitioner by the action of the respondents, namely, that the season will be over before a determination of the issues can be normally made, if an answer is interposed by the respondents in accordance herewith, the court will set a date for the taking of proof as to issues raised in the petition and answer or any other pleadings, by order to show cause, during the Summer recess, upon application of either party.
The question of costs will await the determination of the petitioner’s application.